Ntwali v. Barr

BIA
Montante, IJ
A205 953 287

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> DENNY CHIN,
> *Circuit Judges.*

_____

TITO NTWALI,
> *Petitioner,*

v.                                                    17-768
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Carlos E. Estrada, Boston, MA.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General, Civil Division;
                          Anthony C. Payne, Assistant
                          Director; Jessica D. Strokus,
                          Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Tito Ntwali, a native and citizen of Rwanda, seeks review of a February 24, 2017, decision of the BIA affirming a June 3, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tito Ntwali,* No. A205 953 287 (B.I.A. Feb. 24, 2017), *aff'g* No. A205 953 287 (Immig. Ct. Buffalo June 3, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, minus the IJ's findings that Ntwali failed to show a nexus to a protected ground or establish a well-founded fear of future persecution. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). While the BIA did not address all the IJ's bases for finding Ntwali incredible, it did not expressly reject the findings, and we have therefore reviewed the entirety of the IJ's adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534

F.3d 162, 166 (2d Cir. 2008) ("When the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ.").

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing corroboration determination under substantial evidence standard).

**Credibility**

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from

3

the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. However, "[w]here an IJ relies on erroneous bases to reach an adverse credibility determination, and 'we cannot confidently predict that the IJ would reach the same conclusion in the absence of the[] deficiencies, the IJ's adverse credibility determination cannot stand.'" *Hong Fei Gao*, 891 F.3d at 77 (quoting *Pavlova v. INS*, 441 F.3d 82, 88 (2d Cir. 2006)). We conclude that the errors in the agency's findings underlying the adverse credibility determination require remand.

We have identified the following errors in the agency's findings. Contrary to the IJ's finding that Ntwali only once mentioned torture, Ntwali referenced torture multiple times in his application. Certified Administrative Record ("CAR") at 460-61, 548, 554. The IJ also erroneously found that the country conditions evidence did not note any disappearances. To the contrary, the State Department's 2013 Human Rights Report explicitly states that the Rwandan government engages in politically motivated kidnapping. CAR at 385, 387, 392, 393. The IJ stated that Ntwali omitted his mother's disappearance from his application, when it was included.

4

CAR at 460-61, 548. And again contrary to the IJ's characterization, Ntwali did raise protected grounds for the harm suffered by his family members: he testified that his father was beaten and taken because he was Congolese and did not want to help the Rwandan Patriotic Front, and he stated that he believed that his brother was arrested for his journalism and political work. CAR at 161-167, 184-85.

Although the agency made additional findings that Ntwali does not challenge, those findings are insufficient ground to uphold the adverse credibility determination because they also contain errors. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008). For example, the agency overstated an inconsistency as to whether Ntwali's father died or disappeared, as Ntwali's testimony as a whole reflects that his father disappeared and was presumed dead. CAR at 161-67, 176, 203, 195-96, 303-04, 505.

**Corroboration**

Nor do the agency's corroboration findings provide an independent basis for the denial of relief. Although the agency may rely on a lack of corroboration to find that an applicant failed to sustain his burden even absent an adverse credibility determination, *see* 8 U.S.C. § 1158(b)(1)(B)(ii),

5

the agency did not sufficiently separate its corroboration findings from its credibility findings, CAR at 114 (IJ finding that Ntwali "failed to adequately corroborate his claim for the same reasons as stated above," i.e., in the credibility analysis). As noted previously, the IJ mischaracterized the country conditions evidence. And although the IJ likely had the discretion to discount letters from Ntwali's friends, the IJ did not discuss other documentary evidence in the record, which included medical records and a police report. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (deferring to agency decision to afford little weight to an unsworn letter from an interested witness); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that agency does not have to parse each piece of evidence, but must consider evidence material to the claim raised).

**Due Process**

We find no merit to Ntwali's due process claim. Ntwali, who was counseled, had the opportunity to present evidence and testify in support of his claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he

6

was] otherwise deprived . . . of fundamental fairness." (internal quotation marks and citations omitted). The record reflects that he had notice of credibility requirements, and there is no indication that his hearing was cut short or rushed.

In conclusion, we remand due to errors in the adverse credibility determination and the lack of an independent corroboration ruling. We intimate no view as to the outcome of the case on remand.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7