Li v. Barr

BIA
Poczter, IJ
A208 011 690

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL[1],
> > *Circuit Judges.*

_____

YUXIAN LI,
> *Petitioner,*

v.                                                    17-3297
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Dawn S. Conrad,
                         Senior Litigation Counsel; Matthew
                         A. Connelly, Trial Attorney,
                         Office of Immigration Litigation,

---

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuxian Li, a native and citizen of the People's Republic of China, seeks review of a September 28, 2017, decision of the BIA affirming a January 25, 2017, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuxian Li,* No. A 208 011 690 (B.I.A. Sep. 28, 2017), *aff'g* No. A 208 011 690 (Immig. Ct. N.Y. City Jan. 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Li became a Christian while in the United States and

2

alleged a fear of persecution in China because she would continue to practice Christianity if removed. Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). The applicant must "present credible testimony that [s]he subjectively fears persecution and establish that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either "a reasonable possibility . . . she would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii). Where, as here, an alien expresses a fear based on activities undertaken in the United States, she "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). In the asylum context, the applicant has the burden of showing a "reasonable possibility" that the authorities will become aware of the activities and target her for persecution as a result. *Id.*

3

at 142-143.

The agency reasonably concluded that Li failed to establish a reasonable possibility that she would be singled out for persecution on account of her practice of Christianity. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Li admitted that the Chinese government does not currently know that she is a Christian. The agency reasonably concluded that Li's testimony was insufficient to show that she would evangelize in China, particularly as she did not specify how she would do so or even how she would locate an unregistered church. Furthermore, the agency's conclusion that Chinese authorities were unlikely to become aware of Li's Christianity was reasonable because the State Department Report stated that there are an estimated 45 million Protestant Christians in China not affiliated with the government-sponsored church and efforts to restrict participation in unregistered churches varied by region. *See Hongsheng Leng,* 528 F.3d at 143.

For similar reasons, the agency did not err in determining that Li failed to establish a pattern or practice of persecution of similarly-situated individuals such that officials are likely to become aware of her religious practice

4

and persecute her on that account. *See id.* The agency considered the country conditions evidence and reasonably concluded that it did not reflect "systemic or pervasive" persecution because policies targeting Christians attending unregistered churches are not implemented evenly throughout China and tens of millions of individuals practice in unregistered churches in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group). Where treatment of Christians varies by region, the agency does not err by requiring evidence specific to an applicant's home region. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165-66, 174 (2d Cir. 2008) (finding that the BIA does not err in requiring localized evidence of persecution when the record reflected wide variances in how policies are understood and enforced throughout China). As noted by the IJ, the State Department Report does not refer to any incidents involving Christians in Fujian, Li's home province, and the record otherwise has minimal evidence of persecution of Christians in Fujian. Given the nationwide variation and dearth of documented persecution in Li's home province, the agency reasonably concluded that Li failed to establish

a pattern or practice of persecution of Christians in China. *See id.; see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim); *In re A-M-,* 23 I. & N. Dec. at 741.

Accordingly, because the agency reasonably found that Li failed to demonstrate a well-founded fear of persecution as needed for asylum, it did not err in finding that Li failed to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court